The Coukt
refused to give the instruction prayed by the defendant, and gave their reasons at length, the purport of which was — That if the land had not been granted by the lord proprietor, nor' by the State of Maryland before the Act of Cession by the State of Maryland and the acceptance by Congress, the right of the State passed to the United States by the cession and acceptance. And the sale made under the Act of Congress, of 1796, was the first grant, and therefore good. That if Stoddert, Liti-gan and Forrest were lawfully seized, in 1784, and conveyed the land in trust, the deed of trust cannot be set up to defeat the title of cestui que trust. That the Legislature of Maryland, in 1791 and 1793, had a right to legislate respecting private rights to the property, and were competent to enact in what mode the use of the property, the legal title to which was vested in the trustees, should be declared, and should pass. That when the right of cestui que use accrued the legal title, by virtue of the act of 1793, vested, and followed the use, in a manner analogous to the operation of the English statute of uses. That the question respecting the words “ President for the time being,” did not arise in the case, because the sale was made under the Act of Congress, of 1796. The plaintiff was not bound to show the authority given by the President to the commissioners to sell under that act, because it was not to be presumed to be in his power, and was not a matter of record.
Note. — These reasons are given from memory, which at this time (Oct. 27, 1805,) may not be perfectly accurate. — W. C.